IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICAH WENGER, et al.,

    Plaintiffs,

v.                         Case No. 6:24-cv-01100-HLT-BGS

JARED BLAINE JOHNSON, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiffs Micah and Tamara Wenger sue over twenty defendants for injunctive relief and damages on claims that generally stem from a Kansas state-court proceeding that resulted in a foreclosure judgment against them.[1,2] Defendant First Bank Kansas ("the Bank") loaned Plaintiffs funds to purchase property. The loan was secured with a mortgage. The Bank foreclosed. Plaintiffs challenge the foreclosure judgment. They allege the Bank lacked an interest in the property and therefore obtained the foreclosure judgment through fraudulent means. They allege that the Kansas state-court proceedings violated their constitutional rights. They also allege that members of the Saline County Sheriff's Department and Defendant Fuller violated their constitutional rights and their minor son's rights when they removed Plaintiffs and their son from the property.

---

[1] Because Plaintiffs proceed pro se, their pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiffs name the Hon. Jared Johnson, Parker Montgomery, Jaci Latham, Sean Kochanowski, Roger Soldan, Linda Sauer, Jeremiah Hayes, Kalen Smith, Wade Waddle, Joe German, Braden Long, Robert Little, Tyler Casteel, Baylee Mouw, Brandon Mosher, the Hon. Andrea Swisher, the Hon. Rene Young, Cynthia Huebner, Mindy Fuller, Calvin Schuette, and First Bank Kansas.

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 17, 34, 48, 50, 53.[3] This Court issued a show-cause order (Doc. 7) questioning its subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Plaintiffs do not offer a meaningful response to either the motions to dismiss or the Court's show-cause order.

The Court grants Defendants' motions.[4] The Court lacks subject-matter jurisdiction. *Rooker-Feldman* applies. This Court cannot review the Kansas state court's foreclosure judgment.

---

[3]  Doc. 53 is a motion by some defendants to amend their motion to dismiss (Doc. 34) to reflect that Defendants Mouw, Mosher, Schuette, and Huebner join the motion. Counsel represents that he recently discovered that he had inadvertently omitted them from the list of responding defendants. Plaintiffs oppose. Doc. 54. Plaintiffs' opposition offers no valid reason the Court should not allow Mouw, Mosher, Schuette, and Huebner to join the motion to dismiss and instead reargues the merits of the underlying motion. The Court questions this approach. Nevertheless, the Court has reviewed Plaintiff's submission and determines that it does not impact any ruling the Court makes here. Defendants have shown good cause for permitting them to join the motion. In any event, whether they join the motion or not, the outcome of the case does not change. First, the Court has an independent obligation to satisfy itself of its own jurisdiction. Even if these defendants might technically be in default if not allowed to join, the Court still must dismiss the case if it lacks jurisdiction. *See Williams v. Life Savs. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). Second, as the Court's 12(b)(6) and 17(c) analyses make clear, there is no possibility of relief against any defendant. Thus, even if the Court had jurisdiction, it is empowered to dismiss their claims on its own initiative. *McKinney v. Okla. Dep't of Human Servs., Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) (dismissal under 12(b)(6) sua sponte and without notice is proper if the claimant "cannot possibly win relief"). In addition, parties in default are deemed to admit facts but not conclusions of law. So even if Plaintiffs had sought relief through the entry of default and default judgment, the Court still must determine whether their complaint states a legally cognizable claim. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks and citation omitted)). Because it doesn't, not even a default judgment is a possible avenue for relief. This same analysis applies to one unserved defendant (Fuller) and one defendant who answered instead of moving to dismiss (Sauer). The Court's rulings apply to them as well.

[4]  The Court is aware that Plaintiffs recently filed a new lawsuit titled *Wenger v. Teeter*, Case No. 6:24-cv-01191-DDC-BGS. A summons and complaint were recently delivered to the United States Courthouse. An employee of the Clerk's Office signed for them. The undersigned judge is aware of the suit but does not waive any challenge to service, jurisdiction, or the merits by acknowledging awareness of the lawsuit. *See Cook v. Cook*, 83 P.3d 1243, 2347 (Kan. App. Ct. 2003).

A recusal motion has not been filed in this case. Nevertheless, the Court is mindful that an important feature of the judicial system is that judges are fair and impartial arbiters. The Court reviewed 28 U.S.C. § 455 and the limited circumstances requiring recusal. This statute is not intended to give litigants a veto power over the assigned judge. And the Compendium of Selected Ethics Opinions explains that a judge "need not recuse from a case involving a party that filed suit against the judge, where judicial immunity will be a complete defense to the action against the judge." Committee on Codes of Conduct, Compendium of Selected Ethics Opinions § 3.6-7 (August 2024). The Court also reviewed Advisory Opinion Number 103 by the Committee on Codes of Conduct, which is publicly available. After review, the Court finds that recusal is not necessary because judicial immunity would provide an absolute defense to any claim Plaintiffs bring in the new case. The Court is unaware of any interactions it has had with Plaintiffs outside of this lawsuit. All alleged claims would therefore stem from the undersigned's handling of this case and the performance of judicial actions. Judicial immunity thus provides an

Plaintiffs also cannot sue pro se on behalf of their minor son. But, even if the Court had subject-matter jurisdiction and was able to entertain their case, Plaintiffs' complaint fails to state a legally cognizable claim for relief.

**I.  BACKGROUND**

Plaintiffs live in Saline County, Kansas. Doc. 2. They obtained a loan from the Bank to buy property located at 5117 E. Country Club Road, Salina, KS 67401. Doc. 1-1 at 1, 3. The Bank secured the loan with a mortgage. The loan was sold to a special purpose vehicle and securitized. *Id.* at 5; *see* Doc. 1 at 5. The Bank initiated foreclosure proceedings in Saline County. Doc. 1 at 2. The state district court issued a foreclosure judgment. Individuals from the Saline County Sheriff's Department removed Plaintiffs from their property. Doc. 25. Micah was later arrested for criminal trespass. *Id.*

Plaintiffs filed this lawsuit in federal court after the state court entered judgment but before they were removed from the property. *See* Doc. 25 at 2. Plaintiffs' complaint named as defendants Judge Johnson (who is a Kansas state-court judge), the Bank, Montgomery, Latham, Kochanowski, and Soldan. Doc. 1 at 1; *see* Doc. 2 (naming the Bank). The complaint advances several theories Plaintiffs claim entitle them to relief, including multiple fraud-based theories,[5] slander, libel, civil conspiracy, perjury, filing false public documents, and violations of their civil rights. Doc. 1 at 16-

---

absolute defense. Plaintiffs also misunderstand the undersigned's position and role. The undersigned is an Article III judge (not an Article I judge). Other questions also persist in the new case, such as whether it serves as a vehicle to collaterally attack the undersigned's rulings in this case, which would likely strip subject-matter jurisdiction in the new case. The Court is certain that judicial immunity would bar any claims and does not believe that recusal is required at this time. *See Sain v. Snyder*, 2009 WL 1329510 (D.N.M. 2009) (declining to recuse in similar circumstances). Nor is the Court aware of any other grounds justifying recusal. The Court will not recuse at this time as there is no reasonable basis for questioning the undersigned's impartiality. The judge assigned to the new case can obviously make any necessary rulings in that case, and the Tenth Circuit can correct any errors made in this case if it progresses to appeal.

[5] Plaintiffs attach the labels "fraud," "actionable fraud," "material fraud," "mail fraud," "bearing false witness," and "fraud upon the court" to their fraud claims.

20. Plaintiffs challenge the state court's power to foreclose on their property. *See id.* at 3. They also claim that the Bank lacked an interest in the property and that it obtained the judgment through fraudulent means. *Id.* at 2-3, 8-20. They more specifically allege that the Bank never loaned them "money," that they never agreed to their loan's securitization, that the Bank never acquired an interest in their property, that they never consented to the foreclosure, and that a letter they sent to the Bank denying that they owed money on the property went unanswered. *See id.* at 2-3, 8-15. Plaintiffs also allege that Judge Johnson's decision "violated [the court's] sworn oath, viewed [them] as legal entities, [and] denied [them] due process of [law.]" *Id.* at 3. Plaintiffs also complain that members of the Saline County Sheriff's Department violated their civil rights when they showed up on their property armed and wearing bullet-proof vests to present them with documents. *See id.*; Doc. 3 at 2.

Plaintiffs moved for a temporary restraining order. Doc. 5. The Court denied that motion and issued a show-cause order. Doc. 7. The Court's show-cause order questioned its subject-matter jurisdiction and ordered Plaintiffs to explain why it should not dismiss the case for jurisdictional reasons. *Id.* Defendants Montgomery, the Bank, and Latham moved to dismiss under Rules 12(b)(1) and 12(b)(6). Docs. 17, 18.

Plaintiffs then filed an amended complaint naming a number of additional defendants.[6] Doc. 25 at 1. Defendants Hayes, Smith, Waddle, German, Long, Little, Casteel, Mouw, and Mosher are all allegedly associated with the Saline County Sheriff's Department. *See id.* at 2. Defendants

---

[6] The amended complaint identifies Sauer, Hayes, Smith, Waddle, German, Long, Little, Casteel, Mouw, Mosher, Huebner, Fuller, and Schuette, as well as Judges Swisher and Young.

Swisher and Young are state-court judges.[7] Plaintiffs' amended complaint also names Fuller, Huebner, and Schuette. *Id.* at 1. Fuller does not appear to have been served.

Plaintiffs allege that the members of the Sheriff's Department named in the amended complaint violated their civil rights when they removed them from their property, sought identifying information from their minor son, and subsequently arrested Micah for criminal trespass. *Id.* at 2-3. Plaintiffs also allege that Fuller has attempted to "traffic" their son by calling him. *Id.* The Court found that the amendment didn't moot the Bank's motion to dismiss. Doc. 28 at 2. The amended complaint added no additional claims against the defendants named in the initial complaint. *Id.*

Additional defendants moved to dismiss. Docs. 34, 48, 50, and 53. Plaintiffs filed responses to the Court's show-cause order and to the Bank's motion. Docs. 29, 31. Plaintiffs have not responded to the other original Rule 12 motions and their deadline for doing so has elapsed. Defendants' motions to dismiss are therefore ripe. Plaintiffs did respond to the amended motion to dismiss. Docs. 53, 54.

## II.   LEGAL STANDARD

Defendants move to dismiss Plaintiffs' case both for lack of subject-matter jurisdiction and for failure to state a claim.

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject[-]matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). In that situation, the allegations in the complaint are accepted as true.

---

[7]   Plaintiffs do not plead this fact. The Court takes judicial notice of it because the identities of state-court judges are a matter of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

*Id.* A factual attack looks beyond the operative complaint to the facts on which subject-matter jurisdiction depends. *Id.* at 1003. Defendants bring both facial and factual attacks. The Court does not reach Defendants' factual attack. The Court therefore accepts the allegations in the complaint as true and considers whether those allegations establish subject-matter jurisdiction. *Id.* at 1002.

The Court also assumes the truth of Plaintiffs' allegations in connection with its Rule 12(b)(6) analysis. A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if there is sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation and citation omitted). Courts assume the truth of all well-pleaded allegations in a complaint but ignore legal conclusions and conclusory factual statements. *Id.* at 678-79.

## III.     ANALYSIS

The Court grants Defendants' motions to dismiss for three reasons: (1) The Court lacks subject-matter jurisdiction; (2) Plaintiffs are not permitted to assert claims in federal court on behalf of their minor son without retaining an attorney; and (3) Plaintiffs fail to state legally cognizable claims that would entitle them to relief.

**Subject-Matter Jurisdiction.** The Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[8] The *Rooker-Feldman* doctrine is a rule of abstention that bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted). *Rooker-Feldman* applies to claims inextricably intertwined with the state court's judgment. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

This case presents a paradigmatic *Rooker-Feldman* issue: Plaintiffs seek to reverse and recover damages arising from a Kansas state court's foreclosure judgment. In support, Plaintiffs allege that they never owed the Bank any money because it never loaned them any – it only issued a check.[9] And the Bank had no right to foreclose on the property because it had transferred their

---

[8] The Court notes that the judicial defendants – Judges Swisher, Young, and Johnson – also enjoy sovereign and judicial immunity against Plaintiffs' claims. Plaintiffs don't assert a legal basis for their constitutional claims against these defendants. The Court assumes Plaintiffs are pursuing them under 42 U.S.C. § 1983. *See Duncan v. Fitzgerald*, 2009 WL 690269, at *1 (D. Colo. 2009) (pro se complaint alleging Eighth Amendment violations construed as having been brought under § 1983).

If Plaintiffs' claims are against these defendants in their personal capacities, they must be for money damages. *Chilcoat v. San Juan Cty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011)). These defendants enjoy judicial immunity for those claims. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly."). The exception to immunity – when a judge acts "in the clear absence of all jurisdiction" – is plainly inapplicable based on the allegations in the operative complaint. *Id.*

To the extent Plaintiffs sue these defendants in their official capacities, judicial immunity isn't available. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011). But sovereign immunity is, and it applies here. Any viable official capacity claims in this case would be limited to requests for prospective injunctive relief. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). But this isn't what Plaintiffs seek. They only seek to remedy past conduct, not ongoing violations of federal law. *See, e.g., Harsay v. Luckert*, 2021 WL 11644513, at *5 (D. Kan. 2021) (concluding that the plaintiff's suit alleging violations of constitutional rights by Kansas Supreme Court justices concerned past conduct and did not seek prospective relief) (collecting similar cases).

[9] According to Plaintiffs, they only received a check – not currency.

interest in their mortgage payments to a third party. Plaintiffs therefore allege the foreclosure judgment against them was secured through fraudulent and dishonest means and in violation of their due process rights. They further allege that law enforcement officials trespassed onto their property and wrongfully removed them from it. The problem for Plaintiffs is that the injuries alleged all stem from the state court's foreclosure judgment.[10] And their claims are inextricably intertwined with the state-court proceedings. The relief Plaintiffs seek is essentially an attempt to undo the proceedings' results. Plaintiffs have "identified no injury independent of the state-court order[.]" *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 818 (10th Cir. 2020). Adjudication of Plaintiffs' claims would therefore amount to precisely what *Rooker-Feldman* aims to prevent. *See, e.g.*, *id.* at 818-19 (*Rooker-Feldman* barred claim for damages arising from state foreclosure judgment the plaintiff alleged the defendant fraudulently procured). The Court lacks subject-matter jurisdiction over Plaintiffs' claims and dismisses them without prejudice. [11,12,13]

---

[10]   The Court notes that claims based on the Bank's allegedly fraudulent conduct <u>before the foreclosure action</u> could conceivably survive *Rooker-Feldman*. *See Castro v. Kondaur Cap. Corp.*, 541 F. App'x 833, 837 (10th Cir. 2013) (misrepresentation claims based on misrepresentation and conspiracy implicating defendant's legal interest in foreclosed property not subject to *Rooker-Feldman*). It is <u>possible</u> that injury from these claims could be independent from the state court's judgment. But Plaintiffs' operative complaint doesn't identify any injuries like this. And, <u>even if it did,</u> the Court would dismiss the claims as barred by the res judicata defense the Bank asserts in its motion to dismiss. *Id.* (dismissing misrepresentation and conspiracy claims because they were barred by res judicata).

[11]   The Court's conclusion that it lacks subject-matter jurisdiction under *Rooker-Feldman* applies to everything <u>except</u> the allegations relating to their minor son against Fuller and the defendants associated with the Sheriff's Department.

[12]   Plaintiffs argue at length in various filings that the Court cannot dismiss their claims under the Federal Rules of Civil Procedure because doing so would violate their Seventh Amendment right to a jury trial. This argument is unpersuasive. The argument rests on a fundamental misunderstanding of what the Seventh Amendment safeguards and what it does not. The Supreme Court has long observed that the Seventh Amendment preserves the right to a jury trial but does not purport to regulate pleading requirements. *See In re Peterson*, 253 U.S. 300, 309 (1920) (Brandeis, J.). There is no entitlement "in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined." *Id.* at 310 (citing *Fid. & Deposit Co. v. United States*, 187 U.S. 315 (1902)). Consequently, "[t]he Seventh Amendment [does not] inhibit[ ] Congress from establishing whatever pleading requirements it finds appropriate." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 327-28 (2007). When claims like Plaintiffs' are dismissed under Rule 12(b)(6) they are dismissed <u>as a matter of law</u>, assuming the truth of underlying facts alleged. There are no issues of fact for a jury to resolve.

[13]   Plaintiffs also make the strange assertion that the undersigned is an "Article I" judge. This is wrong. This Court

**Suit on Behalf of Minor.** Plaintiffs' claims against Fuller and Defendants associated with the Sheriff's Department are not barred by *Rooker-Feldman* to the extent they concern Plaintiffs' minor son. Plaintiffs allege that these Defendants "coerced" their son, unlawfully detained him, and sought information from him that was private. Plaintiffs also allege that Fuller has attempted to "traffic" their son by contacting him by phone. The injuries alleged are directed at misconduct independent of the underlying state-court judgment. Adjudication of these claims does not require this Court to question the underlying state-court judgment. Even so, these claims are still subject to dismissal because Rule 17(c) and 28 U.S.C. § 1654 do not allow parents proceeding pro se to sue on behalf of their minor children in federal court. *Shophar v. United States*, 2019 WL 6700405, at *1 n.1 (D. Kan. 2019) (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). The Court dismisses Plaintiffs' claims on behalf of their minor son without prejudice. *See Ratcliff v. Kan. State High Sch. Activities Ass'n, Inc.*, 2018 WL 6019342, at *2 (D. Kan. 2018).

**Failure to State a Claim.** Even if the Court could entertain Plaintiffs' claims, it would still grant Defendants' motions to dismiss. For all its verbiage, Plaintiffs' operative complaint does not allege facts plausibly entitling them to relief under theories of fraud, libel, slander, civil conspiracy, or fraud upon the Court or for violations of their civil rights. All their claims are therefore subject to dismissal under Rule 12(b)(6).

As against the Bank, Plaintiffs' operative complaint does little more than allege that it failed to disclose certain facts about the securitization of their loan, loaned them money by check rather than in currency, failed to present certain material facts to the judge during the foreclosure proceedings, and didn't answer a letter they allege discharged their debt. These allegations do not

---

is one of the "inferior courts as the Congress may from time to time ordain and establish" described in Article III. U.S. Const., art. III § 1. Its existence is prescribed by statute. *See* 28 U.S.C. §§ 96, 132(a). The undersigned is among the "inferior court" judges Article III refers to and is a commissioned Article III judge.

support recovery under theories of libel, slander, or civil conspiracy.[14] And the only allegations relevant to fraud-based theories of recovery are vague and fail to support all of the elements of a fraud claim. As Defendants point out, the facts they contend support their claim are not pleaded with any particularity, as is required under Rule 9(b). Plaintiffs also fail to allege facts necessary to support the other elements of their fraud claims. Specifically, they fail to allege that the Bank intended for Plaintiffs to rely on its false statements and omissions and that Plaintiffs reasonably did so rely. *See Ellis v. Popular Bank*, 2024 WL 3226093, at \*5 (D. Kan. 2024) (reciting the elements of fraud in Kansas). Simply pleading that a false statement was made or certain facts were omitted is not enough.

The same goes for their fraud-on-the-court theory: "Only particularly egregious conduct such as the fabrication of evidence or the bribery of the judge or the jury has been found to support a finding of fraud on the court." *Boldrige v. Nat'l City Bank*, 2013 WL 6389341, at \*3-4 (Kan. Ct. App. 2013) (alterations omitted). This means "one must normally show a deliberate scheme to corrupt or subvert the basic function of the judiciary, which is the impartial adjudication of cases. Fraud between the parties, perjury, and the nondisclosure of pretrial discovery does not [for example] generally amount to fraud on the court." *Id*. Even if the Court assumes (again, as it must) Plaintiffs are right and the Bank secured the foreclosure judgment by distorting the record, this is not the same as alleging a deliberate scheme to subvert the judiciary. The Court cannot assume that

---

[14] In Kansas, "libel" and "defamation" are subsumed into the tort of defamation. *See Geolas v. Boy Scouts of Am.*, 23 F. Supp. 2d 1254, 1258 (D. Kan. 1998). To state a defamation claim, one must allege "false and defamatory . . . communication to a third party[ ] and . . . harm to the person defamed." *Id*. Civil conspiracy claims require one to allege that there was an "object to be accomplished," a "meeting of the minds" between "two or more persons on the object or [a] course of action," the commission of "one or more unlawful overt acts," and "damages as the proximate result thereof." *Rezac Livestock Comm'n Co. v. Pinnacle Bank*, 2019 WL 7116086, at \*6 (D. Kan. 2019) (internal quotation marks omitted). Plaintiffs' complaint does not allege non-conclusory facts that would support any of the elements of either claim, let alone articulate a plausible basis for relief.

an unfavorable and allegedly unfair and incorrect outcome in the foreclosure action must have resulted from fraud. Plaintiffs fail to state a fraud-on-the-court claim.

Plaintiffs' civil rights claims against Judge Johnson, the various members of the Saline County Sheriff's Department, and Fuller are also inadequately pleaded. Plaintiffs allege that Judge Johnson violated their due process rights by failing to acknowledge their evidence, "silencing" their "expert counsel," and incorrectly applying the law.[15] Assuming the truth of these allegations, Plaintiffs fall short of asserting a due process claim. Plaintiffs fail to put forward facts that would plausibly show that were denied notice and an opportunity to be heard by the Kansas state court, which is what due process requires. *See In re C.W. Mining Co.*, 625 F.3d 1240, 1244-45 (10th Cir. 2010). Judge Johnson's discretionary decisions to admit certain evidence and exclude other evidence do not state a plausible due process violation.[16]

As against the defendants associated with the Sheriff's Department and Fuller, Plaintiffs allege violations of various unidentified constitutional rights when they served Plaintiffs with documents, removed them from their property, questioned their minor son, arrested Micah for trespassing, and subsequently contacted their son. Plaintiffs fail to connect any of these allegations to any particular constitutional rights. Proceeding from the assumption that the foreclosure

---

[15] Plaintiffs make the quixotic assertion that Kansas does not subscribe to the "common law." Plaintiffs are wrong. *See Ed DeWitte Ins. Agency, Inc. v. Fin. Assoc. Midwest, Inc.*, 427 P.3d 25, 30 (Kan. 2018) (explaining that Kansas incorporated British common law insofar as it was not inconsistent with the constitutions and laws of the United States or Kansas and Kansas's statutes). And to the extent Plaintiffs also insist that state common law rules are incapable of modification by subsequent state legislative enactment, they are also wrong. *See generally Hilburn v. Enerpipe Ltd.*, 442 P.3d 509, 516 (Kan. 2019) (explaining that the Kansas legislature has the power to change or abolish state common law but not state constitutional rights).

[16] To the extent Plaintiffs could be said to be complaining about the absence of a jury trial in the state proceedings, they also have no federal claim. The Seventh Amendment is only applicable to proceedings in federal – not state – court. *Osborn v. Haley*, 549 U.S. 225, 252 n.17 (2007) (citing *Minneapolis & St. Louis R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916)); *see also McDonald v. City of Chicago*, 561 U.S. 742, 765 & n.13, 784 n.30 (2010) (identifying the Seventh Amendment as one of a "handful of Bill of Rights protections [that] remain unincorporated" and noting that the absence of incorporation allows many state civil disputes to proceed in state small-claims courts). Thus, the source of one's right to a jury trial in a particular state civil proceeding is a matter of state law. It does not come from the federal Constitution.

judgment was erroneous, Plaintiffs' allegations do not communicate a legally cognizable wrong. More is required to state a federal civil-rights claim than a bare assertion that law enforcement officers were unlawfully present on one's property. The Court has an obligation to construe Plaintiffs' complaint liberally, but it does not take on the role of advocate.

Finally, there are no specific allegations referring to the remaining defendants. Plaintiffs' complaint is inadequate to state claims against them too. *Marshall v. Burnley*, 2017 WL 6406864, at *4 (D. Kan. 2017) (complaint that "refer[ed] generically to 'defendants' without [otherwise] making clear what particular defendants are alleged to have done" failed to state a claim); *see also In re Fisher*, 2014 WL 8276560, at *11 (S.D. Ohio 2014) ("[G]eneric references purporting to cover all defendants are insufficient" to satisfy federal notice-pleading requirements).

## IV.    CONCLUSION

As the Court noted in previous orders, it is sympathetic to the personal toll that the loss of one's property to foreclosure must take. Plaintiffs believe that the foreclosure was wrongful. And Plaintiffs honestly believe that this suit is an appropriate means to redress that wrong. The Court does not doubt that they are sincere in those beliefs. But federal court is not a forum for the airing of one's grievances. There must be a basis for a federal court's jurisdiction. And there must also be legal or equitable bases for the relief sought. Sincerity of belief is not enough.

The Court dismisses the case in its entirety. Some claims are dismissed without prejudice and some with. All claims barred by the *Rooker-Feldman* doctrine (for lack of subject-matter jurisdiction) or brought on behalf of a minor child are dismissed without prejudice. The Court dismisses any of Plaintiffs' own claims not barred by *Rooker-Feldman* with prejudice because

Plaintiffs have not stated a claim that would plausibly entitle them to relief.[17] Defendants' motions to dismiss are therefore granted, and Plaintiffs' case is dismissed.

THE COURT THEREFORE ORDERS that Defendants' motions (Docs. 17, 34, 48, 50, and 53) are GRANTED. The Court GRANTS Doc. 34 to add four moving defendants. And the Court DISMISSES Plaintiffs' amended complaint (Doc. 25) in its entirety. The case is closed.

IT IS SO ORDERED.

Dated: October 30, 2024    /s/ *Holly L. Teeter*
                           HOLLY L. TEETER
                           UNITED STATES DISTRICT JUDGE

---

[17] If the Court's *Rooker-Feldman* analysis is in any way flawed, the Court alternatively dismisses <u>all</u> claims brought by Plaintiffs on their own behalf with prejudice for failure to state a claim.