IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICAH WENGER, et al.,

    Plaintiffs,

v.

JARED BLAINE JOHNSON, et al.,

    Defendants.

Case No. 6:24-cv-01100-HLT-GEB

### MEMORANDUM AND ORDER

Plaintiffs Micah and Tamara Wenger[1] seek reconsideration of the October 30, 2024 judgment dismissing their claims.[2] The Court dismissed some of Plaintiffs' claims under Rule 12(b)(1) for lack of jurisdiction and dismissed their remaining claims under Rule 12(b)(6) for failure to state a claim. Plaintiffs seek relief under Rule 60(b)(4) and argue that the Court's judgment is void because pretrial dismissal of their claims – no matter the reason – violates their Seventh Amendment right to a jury trial. Doc. 60. The Court denies the motion.

"Rule 60(b) allows a party to seek relief from a final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, the void or prospectively inequitable status of a judgment," or "'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (citation omitted). In all instances, "[r]elief from a final judgment under Rule 60(b) is an extraordinary remedial procedure." *Choice Hospice, Inc. v. Axxess*

---

[1] The Court notes Plaintiffs sued the undersigned in this District in connection with this case. The presiding judge in that case dismissed with prejudice Plaintiffs' claims. *See Wenger v. Teeter*, 2025 WL 2576952 (D. Kan. 2025). The fact Plaintiffs sued the undersigned and the existence of that lawsuit does not necessitate recusal for the reasons explained in the undersigned's original dismissal order at Doc. 56 at 2 n.4. Those reasons continue to apply and recusal is not warranted.

[2] Because Plaintiffs proceed pro se, their pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Tech. Sols.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (internal quotations and citation omitted). Rule 60(b)(4) provides a basis for vacating void judgments, which are judgments that the rendering courts were powerless to enter. *Id.* An entitlement to Rule 60(b)(4) relief exists in the "rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* Plaintiffs haven't shown either circumstance.

**Jurisdiction.** The Court determined it had jurisdiction over some of Plaintiffs' claims, a conclusion Plaintiffs' do not contest. The Court dismissed these claims under Rule 12(b)(6). The Court found that it lacked subject matter jurisdiction for Plaintiffs' other claims and dismissed those without prejudice under Rule 12(b)(1). For this latter set of claims, the Court is empowered to determine whether a claim falls within its jurisdictional reach and dismiss any claim that does not. Indeed, it is obligated to do so. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (observing that subject matter jurisdiction is a non-waivable requirement that "must be policed by the courts" even "on their own initiative" and "even at the highest level"). Nothing about the Court's October 30, 2024 order fell outside the Court's jurisdictional authority.

**Due Process.** Neither did the Court's judgment deprive Plaintiffs of due process. The sort of due process defect that might give rise to Rule 60(b)(4) relief are failures of notice or an adequate opportunity to be heard. *Choice Hospice, Inc.*, 125 F.4th at 1014 (discussing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)). Affording Plaintiffs' motion the liberal construction to which it is entitled, the Court understands Plaintiffs' focus to be on the second category and whether they were given an adequate opportunity to be heard. But Plaintiffs were clearly given both. Plaintiffs were afforded notice of the dispositive motions filed by Defendants.

And Plaintiffs were given a full opportunity to brief their responses. Plaintiffs also sought relief from the judgment through Rule 59(e).

Plaintiffs' complaint that pretrial disposition of their claims violates the Seventh Amendment is not the sort of due process defect that Rule 60(b)(4) is designed to remedy. *See, e.g., Joe Hand Promotions, Inc. v. Barber*, 2024 WL 3236634, at *2 (11th Cir. 2024) (per curiam). Rather, it's a "mistake of law" that ought to "have been raised on direct appeal." *Id.* (internal quotation marks and citation omitted). But, even if it were, the argument wouldn't get them very far: It is well-established at this point that pretrial disposition of claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim do not run afoul of the Seventh Amendment. *E.g.*, *Punchard v. U.S. Bureau of Land Mgmt.*, 180 F. App'x 817, 820 (10th Cir. 2006).

The Court discerns no other grounds for relief from judgment in their motion. The Court denies the motion.

THE COURT THEREFORE ORDERS that Plaintiffs' Rule 60(b)(4) motion (Doc. 60) is DENIED. The case remains closed.

IT IS SO ORDERED.

Dated: December 12, 2025    /s/ *Holly L. Teeter*
                            HOLLY L. TEETER
                            UNITED STATES DISTRICT JUDGE